**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Robert C. Ezeani,                                    Civ. No. 15-3232 (PJS/BRT)

               Plaintiff,

v.                                                            **REPORT AND
                                                              RECOMMENDATION**

Governor Mark Dayton,
as Governor of Minnesota State,

               Defendant.

---

BECKY R. THORSON, United States Magistrate Judge.

    Robert Ezeani has filed a *pro se* civil rights complaint against Mark Dayton in his official capacity as the Governor of Minnesota, seeking to hold Governor Dayton liable in excess of two billion dollars for a wide-ranging litany of alleged abuses committed by both private parties and state actors, none of whom are named as defendants in this case. (Doc. No. 1, Compl.) Specifically, Ezeani asserts that (1) state lottery officials, Minneapolis police officers, hotel employees, and a gas station cashier have stolen or destroyed his winning lottery tickets; (2) an unidentified "white woman let two hefty dogs . . . loose on [him] as [he] passed by a building" in South Minneapolis; (3) two Minneapolis police officers assaulted him at a grocery store in February 2000, violated his intellectual property rights by copying mathematical figures from his bag, and, along with the store manager and store security, confiscated his groceries and money under accusations of shoplifting; (4) campus police officers at the University of Minnesota

confronted him at gun point while he was sitting on a park bench; (5) private security guards escorted him out of the IDS Center and asked him to leave a Barnes & Noble bookstore; (6) various people have been "taking photographs of [him]," including a Metro Transit bus driver, "total strangers" at a Minneapolis department store, and cab drivers; (7) other unidentified individuals have called him a terrorist; (8) a Red and White Taxi driver has "chase[d] [him] all over the city," repeatedly attempting to run him over or engage him in physical combat; and (9) a doctor at Methodist Hospital has "slandered and libeled [him] for no apparent reason." (*Id.* at 6–32.) Ezeani claims that these incidents violated his Fourth and Fourteen Amendment rights, and he seeks to hold Dayton legally responsible because Dayton is the Governor of Minnesota and has apparently ignored his repeated complaints. (*Id.* at 3–4, 15–16.)

Governor Dayton moves to dismiss Ezeani's complaint for lack of jurisdiction based on Eleventh Amendment immunity and for failure to state a viable civil rights claim under 42 U.S.C. § 1983. (Doc. No. 4, Def.'s Mot. to Dismiss; Doc. No. 6, Def.'s Mem. in Supp. of Mot. to Dismiss 2–6.) For the reasons stated below, this Court agrees that Ezeani's damages claims against Governor Dayton in his official capacity are barred by the Eleventh Amendment and otherwise fail to state a plausible claim for relief. This Court therefore recommends that Governor Dayton's motion to dismiss be granted and that Ezeani's complaint be dismissed with prejudice.

## ANALYSIS

The Eleventh Amendment bars federal courts from entertaining private suits against a State absent waiver of its sovereign immunity or valid congressional override of

that immunity.[1] *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Humenansky v. Regents of Univ. of Minn.*, 152 F.3d 822, 823–24 (8th Cir. 1998). The immunity from suit conferred by the Eleventh Amendment extends to state officials sued for damages in their official capacities, as such suits are "against the official's office" and, thus, are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Graham*, 473 U.S. at 169 (explaining that the Eleventh Amendment applies when "State officials are sued for damages in their official capacity"

---

[1]   Governor Dayton appears to interpret the Eleventh Amendment as erecting an ever-present, nonwaivable bar to a federal court's subject-matter jurisdiction. (*See* Doc. No. 4; Doc. No. 6 at 2–3.) This Court disagrees. While the Eleventh Amendment constrains the jurisdictional reach of federal courts by "enact[ing] a sovereign immunity from suit," it does not impose "a nonwaiveable limit on the Federal Judiciary's subject-matter jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *see also Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998) (explaining that the Eleventh Amendment "does not automatically destroy original jurisdiction" because it "grants the State a legal power to assert a sovereign immunity defense should it choose to do so" and, "[u]nless the State raises the matter, a court can ignore it"). Rather, under existing Supreme Court precedent, the jurisdictional bar imposed by the Eleventh Amendment appears to occupy a somewhat nebulous space between subject-matter jurisdiction and personal jurisdiction, as it can be raised at any stage of the proceedings like the former but can be waived like the latter. *See Wis. Dep't of Corrs.*, 524 U.S. at 394–95 (Kennedy, J., concurring) (describing "the hybrid nature of the jurisdictional bar erected by the Eleventh Amendment," which simultaneously "bears substantial similarity to personal jurisdiction requirements" yet also contains attributes consistent with limits "on the federal courts' subject-matter jurisdiction"). Although Justice Kennedy has suggested that the Court modify its jurisprudence to make the Eleventh Amendment "more consistent with our practice regarding personal jurisdiction," *id.* at 395, the Supreme Court has yet decide whether the Amendment implicates a federal court's subject-matter jurisdiction, personal jurisdiction, or some combination of the two. *See id*. at 391 (declining to decide whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Wickner v. Green*, No. 07-3869, 2008 WL 4287578, at *3 (D. Minn. Sept. 12, 2008) ("The question of whether sovereign immunity under the Eleventh Amendment reflects the underlying concepts of personal jurisdiction, subject-matter jurisdiction, or some hybrid of the two . . . has not yet been settled.").

because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents") (quotations omitted).

Ezeani's damages claims against Mark Dayton in his official capacity as the Governor of Minnesota are barred by the Eleventh Amendment unless Minnesota has waived its sovereign immunity or Congress has abrogated that immunity. The State of Minnesota, however, has not waived its sovereign immunity from suit in federal court. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002); *McCormack v. Minn. Dep't of Commerce*, No. 10-CV-4135, 2011 WL 753861, at *3 (D. Minn. Feb. 24, 2011). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983 to provide a federal forum to remedy deprivations of civil liberties, such as those alleged by Ezeani. *See Will*, 491 U.S. at 66. Ezeani's claims are therefore barred by the Eleventh Amendment and should be dismissed with prejudice. *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) (holding that a state agency was entitled to dismissal with prejudice where the Eleventh Amendment barred suit); *Warren v. Fort Dodge Corr. Facility*, 372 F. App'x 685, 685 (8th Cir. 2010) (modifying a dismissal on Eleventh Amendment grounds to be with prejudice).

Even if Ezeani's claims were not barred by the Eleventh Amendment, they would still be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Ezeani cannot hold Governor Dayton vicariously liable under § 1983 for the alleged civil rights abuses of other public officials, let alone private parties, and his complaint does not contain any specific factual

allegations showing that Dayton was personally involved in, or directly responsible for, any of those alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citations omitted). The governor's ostensible failure to respond to Ezeani's complaints of mistreatment at the hands of state, city, and private actors is not enough to hold Dayton liable under § 1983 for alleged violations of Ezeani's constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that a defendant cannot be held liable under § 1983 unless the plaintiff "allege[s] specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (quotation omitted).

In sum, because Ezeani's damages claims against Governor Dayton in his official capacity are barred by the Eleventh Amendment and otherwise subject to dismissal for failure to state a viable § 1983 claim, this Court recommends that Governor Dayton's motion to dismiss be granted and that Ezeani's complaint be dismissed with prejudice.[2]

---

[2] In opposing Governor Dayton's motion to dismiss, Ezeani asserts that anything short of a jury trial would be undemocratic and "tantamount to utter disregard of the rule of law and the denial of [his] basic human rights and justice." (Doc. No. 13, Pl.'s Letter 4; *see also* Doc. No. 11, Pl.'s Reply 6.) Ezeani's position is contrary to both the Eleventh Amendment, which grants states (including state officials sued in their official capacity for damages) immunity from suit in federal court, and the Federal Rules of Civil Procedure, which permits pretrial dismissal of civil suits for lack of jurisdiction, failure to

(Footnote Continued on Next Page)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Governor Mark Dayton's motion to dismiss (Doc. No. 4) be **GRANTED**;

and

2. Robert Ezeani's complaint be **DISMISSED WITH PREJUDICE**.

Date: December 7, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **December 21, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

(Footnote Continued from Previous Page)
state a plausible claim for relief, or other specified grounds. *See* Fed. R. Civ. P. 12(b). A federal court's consideration and grant of a motion to dismiss is consistent with the rule of law and does not unconstitutionally deprive a plaintiff of his right to a jury trial. *See Vogt v. Fitzgerald*, 162 F.3d 1166, 1166 (8th Cir. 1998) (holding that the dismissal of a plaintiff's action "did not unconstitutionally deprive him of his Seventh Amendment right to a jury trial" and noting that "an otherwise proper ruling is not erroneous merely because it has the incidental effect of precluding a jury trial") (quoting *Perkins v. Spivey*, 911 F.2d 22, 28 n.6 (8th Cir. 1990)).